**Sonam Topgay BHUTIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73917.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2013.

Filed April 26, 2013.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioner.

OIL, Claire Workman, Trial, John Clifford Cunningham, I, Esquire, Senior Litigation Counsel, Blair O'Connor, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

587

Before: SCHROEDER, SILVERMAN, and BEA, Circuit Judges.

MEMORANDUM *

Sonam Bhutia, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal in which the BIA adopted an Immigration Judge's ("IJ") decision denying Bhutia's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Bhutia never suffered persecution in India. *See Gonzalez–Medina v. Holder,* 641 F.3d 333, 337 (9th Cir.2011). He contends that the persecution suffered at the hands of Nepalese authorities amounted to past persecution by Indian authorities. The IJ found that the conduct of the Nepalese authorities could not be imputed to the Indian authorities. There is no evidence compelling a contrary finding.

Indian police once detained and slapped Bhutia's father, but this conduct was not persecutory. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006). Nor did the death threat that Indian police indirectly communicated toward Bhutia amount to persecution. *See Ruano v. Ashcroft,* 301 F.3d 1155, 1160–61 (9th Cir. 2002). Substantial evidence thus supports the IJ's denial of Bhutia's application for asylum. *Zhiqiang Hu v. Holder,* 652 F.3d 1011, 1016 (9th Cir.2011).

With regard to Bhutia's claim for withholding of removal and protection under CAT, because substantial evidence supports the IJ's denial of Bhutia's asylum

application, Bhutia cannot meet the more rigorous "more likely than not" standard necessary to establish eligibility for withholding of removal and CAT protection. *See Sowe v. Mukasey,* 538 F.3d 1281, 1288 (9th Cir.2008) (withholding); *Hamoui v. Ashcroft,* 389 F.3d 821, 827 (9th Cir.2004) (CAT).

Petition **DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided